UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARIUS R. THERIOT,

Petitioner,

v.

Case No. 15-cv-13679
Honorable Linda V. Parker

DUNCAN MACLAREN,

Respondent.
__________________________________/

**ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT (ECF NO. 41)**

This matter initially came before the Court on Petitioner Darius R. Theriot's petition for the writ of habeas corpus under 28 U.S.C. § 2254, challenging his state convictions for one count of second-degree murder, three counts of assault with intent to commit murder, one count of assaulting a pregnant woman causing miscarriage or death to a fetus, and one count of possessing a firearm during the commission of a felony. On December 20, 2019, this Court issued an opinion and order denying Petitioner habeas relief, finding no merit in the grounds raised in support of the petition. (ECF No. 30.) In 2020, the Sixth Circuit Court of Appeals affirmed the denial of the petition, but on the ground that Petitioner's claims were procedurally defaulted. (ECF No. 37.) In 2021, the United States Supreme Court denied Petitioner's petitions for writ of certiorari. (ECF Nos. 39, 40.)

On October 16, 2026, Petitioner filed a motion for relief from judgment claiming fraud on the court.[1] (ECF No. 41.) In the motion, Petitioner claims that the state prosecutor made false statements during sentencing with respect to the victim impact statement by the mother of the deceased. This information does not warrant relief from the judgment in this matter, particularly given the Sixth Circuit's holding that the claims raised in the petition were procedurally defaulted and the fact that the allegedly fraudulent statement is unrelated to the grounds raised here.

If Petitioner believes he is entitled to relief based on the claim raised in his pending motion, he must raise the claim in the state court first, if he has not done so already. *See* 28 U.S.C. § 2254(b)(1)(A); *see also Maslonka v. Hoffner*, 900 F.3d 269, 276 (6th Cir. 2018) (quoting *Davila v. Davis*, 582 U.S. 521, 527 (2017)) ("[A] federal court may not review federal claims that were procedurally defaulted in state courts."). Further, if Petitioner intends to pursue habeas relief based on the claim, he will need to seek leave in the Sixth Circuit Court of Appeals to file a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A).

Accordingly,

---

[1] On October 16, 2026, the Court also received a letter from Petitioner, dated July 19, 2026, in which he raises the same claim of fraud. (ECF No. 42.)

**IT IS ORDERED** that Petitioner's motion for relief from judgment (ECF No. 41) is **DENIED**.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: November 9, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 9, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager